UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Case No.: _____ |
| | ) | |
| THREE HUNDRED FORTY-SEVEN | ) | |
| THOUSAND NINE HUNDRED SEVENTY | ) | |
| DOLLARS ($347,970) U.S. CURRENCY, and | ) | |
| | ) | |
| ONE HUNDRED FIFTEEN THOUSAND | ) | |
| DOLLARS ($115,000) U.S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through its undersigned attorney, brings these claims against the defendant properties captioned above and described herein, and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action *in rem* brought by the United States of America in order to forfeit the above-captioned defendant properties as proceeds of, and properties involved in, acts of wire fraud and money laundering and conspiracy to commit same pursuant to Title 18, United States Code, Section 981(a)(1)(A) and (a)(1)(C).

## THE DEFENDANTS *IN REM*

2.      The defendant properties are funds currently in the custody of the U.S. Marshal for the Eastern District of Louisiana, having been seized from U.S. bank accounts by lawful federal seizure warrants, and are described as follows:

a. Three hundred forty-seven thousand nine hundred seventy dollars ($347,970) U.S. currency seized on or about December 19, 2018;

b. One hundred fifteen thousand dollars ($115,000) U.S. currency seized on or about February 8, 2019.

## JURISDICTION AND VENUE

3. This is a civil forfeiture action brought pursuant to Title 18, United States Code, Section 981(a)(1)(A) and (a)(1)(C).

4. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

5. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A), because acts and omissions giving rise to forfeiture took place in the Eastern District of Louisiana. Venue is also proper pursuant to Title 28, United States Code, Sections 1395(b) and (c), because the defendant currency was seized in the Eastern District of Louisiana and brought to the Eastern District of Louisiana.

## STATUTORY FRAMEWORK

6. Title 18, United States Code, Section 1343, criminalizes devising or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmitting or causing to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, pictures, or sounds for the purpose of executing such scheme or artifice.

7. Title 18, United States Code, Section 1956(a)(1)(B)(i), criminalizes conducting a financial transaction knowing that the property involved in such transaction represents the proceeds of some form of unlawful activity and such transaction in fact involves the proceeds of a

specified unlawful activity, including a violation of Section 1343, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

8.      Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of Section 1956, including conspiracy to violate Section 1956(a)(1)(B)(i), or any property traceable to such property, is subject to civil forfeiture to the United States.

9.      Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Section 1343, or conspiracy to violate Section 1343, is subject to civil forfeiture to the United States.

10.     Pursuant to Title 18, United States Code, Section 984(a)(1), in any forfeiture action *in rem* in which the subject property is funds deposited in a bank account, it shall not be necessary for the United States to identify the specific property involved in the offense that is the basis for the forfeiture, and it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

**FACTS GIVING RISE TO FORFEITURE**

11.     On or about November 8, 2018, a representative of Bank 1 contacted the New Orleans Federal Bureau of Investigation ("FBI") office to discuss suspicious activity relating to a business account held by Maritime Company 1.  Bank 1 and Maritime Company 1 were both headquartered in the Eastern District of Louisiana, and the relevant business account was opened and operated in the same district.

12.     The representative of Bank 1 told the FBI that Bank 1 had been contacted by Bank 2, which had provided the following relevant information: (A) that on or about October 31, 2018,

a Bank 2 customer, LiMa,[1] wired $15,000 to a Bank 1 account held by Maritime Company 1; (B) that on or about November 6, 2018, LiMa attempted, but failed, to wire an additional $25,000 to Maritime Company 1 account held at Bank 1; (C) that upon questioning of LiMa by a representative of Bank 2, LiMa informed the bank that LiMa was engaged in an online romance with an individual via WhatsApp, and that the transferred funds were intended to pay for supplies and a houseboat that LiMa and the individual would live in together; and (D) that Bank 2 concluded that LiMa was a victim of elder abuse and a romance scam.

13.     The representative of Bank 1 further advised that, on or about November 6, 2018, Bank 1 spoke with the account holders and owners of Maritime Company 1, who informed Bank 1 that Maritime Company 1 was brokering a sale of a boat owned by Maritime Company 2 for Individual 1, a Nigerian national who had informed the owners of Maritime Company 1 that there would be numerous wire transfers into Maritime Company 1's bank account from investors contributing to the purchase of the boat.

14.     When informed by representatives of Bank 1 of the possible elder abuse and romance scam involving LiMa, Maritime Company 1 agreed to transfer all funds related to Individual 1 into an account operated and controlled by Bank 1 and allow the bank to continue its investigation.

15.     On or about November 9, 2018, Bank 1 transferred the funds from Maritime Company 1's account ending in 4725 to an account controlled by Bank 1 ending in 2648.

16.     On or about November 19, 2018, the FBI received records indicating that no less than $477,970 was deposited Maritime Company 1's bank account on behalf of Individual 1 from

---

[1] Four-letter abbreviations are used to refer to certain individuals who the government alleges are victims or intermediaries of victims of fraud who participated in transactions discussed here and below.

4

several businesses and individuals, including LiMa, and that a total of approximately $347,970 remained in the account after returning $15,000 to LiMa and $115,000 to Maritime Company 1.

17.     Records obtained on or about November 19, 2018, indicated that Maritime Company 1 had sent the $115,000 to a subsidiary of Maritime Company 2, for payment toward Individual 1's boat on or about October 9, 2018.  These funds were subsequently made available in a Bank 3 account ending in 7517.

18.     On or about November 20, 2018, Individual 1 contacted the FBI by telephone to request the release of the remainder of the funds.  Individual 1 explained that he had had funds available in a Nigerian bank account; that he needed to get the money to the United States in order to purchase the boat from Maritime Company 1; and that he had entered into an agreement with Individual 2, a Nigerian national, whereby Individual 2 would transfer U.S. currency into Maritime Company 1's account at Bank 1.

19.     Individual 1 represented that Individual 2 was responsible for the following transfers into Maritime Company 1's account at Bank 1 ending in 4725: (A) on or about October 4, 2018, originating from South Carolina, a deposit from JeBi of approximately $10,000; (B) on or about October 25, 2018, originating from California, a deposit from DiGo of $28,000; (C) on or about October 31, 2018, originating from Pennsylvania, a transfer from LiMa of $15,000 and (D) on or about November 2, 2018, originating from Ohio, a deposit from DoGo of $12,000. Individual 2 himself deposited or transferred $30,500 to Maritime Company 1's account on or about October 22, 2018.

20.     On or about November 26, 2018, DoGo was interviewed by the FBI.  DoGo stated that DoGo was contacted via email by an individual who claimed that DoGo was in line to inherit approximately $5,500,000 from DoGo's alleged cousin who died in Africa fifteen to twenty years

ago.  The individual instructed DoGo to wire $12,000 to a bank account to complete the inheritance

claim paperwork.  On or about November 2, 2018, DoGo subsequently wired $12,000 to a "rental

or boating company."

21.     Individual 1 further represented that he had entered into an agreement with

Individual 3, a Nigerian national, to assist with transferring funds into Maritime Company 1's

account at Bank 1 ending in 4725 in order for Individual 1 to purchase the boat.

22.     Individual 1 represented that Individual 3 was responsible for nine transfers into

Maritime Company 1's account originating from Georgia and one transfer originating from

California.

23.     Individual 1 represented that Individual 3 was responsible for LLC 1's $40,500

deposit on or about October 15, 2018, into Maritime Company 1's account at Bank 1 ending in

4725 in order for Individual 1 to purchase the boat.

24.     Records show that the $40,500 deposited by Individual 3 from LLC 1's account

originated from deposits made into LLC 1's account by FrGo in Canada and SuKo in Texas.

25.     FrGo deposited $5,790 into LLC 1's account on or about September 27, 2018.

SuKo deposited amounts of $15,000 and $30,000 into LLC 1's account on or about October 11,

2018.  On or about October 15, 2018, Individual 3 deposited $45,000 from LLC 1's into Maritime

Company 1's account.

26.     On or about November 30, 2018, SuKo was interviewed by the FBI and stated that

SuKo made these transfers because SuKo had received a call from "Jennifer" at a New York bank

who said that "Jennifer" had a potential client who was supposed to invest in Texas, and that SuKo

had to pay a $64,000 "recording fee" for the anticipated transactions.

27.     Individual 1 further represented that Individual 3 was responsible for LLC 2's deposits into Maritime Company 1's account, which included approximately $29,000 on or about October 11, 2018, and approximately $24,150 on or about October 22, 2018.  All of the funding for these payments was subsequently traced to an individual in South Carolina who had sent the money to LLC 2 believing that he was investing in an up-and-coming technology company.

28.     On or about December 19, 2018, the FBI New Orleans office executed a seizure warrant issued by the U.S. District Court for the Eastern District of Louisiana to seize any and all funds on deposit at Bank 1 in account number ending in 2648.  The FBI subsequently received a cashier's check from Bank 1 in the amount of $347,970 made payable to the U.S. Marshals Service.  These funds are currently held by the U.S. Marshal for the Eastern District of Louisiana and are the defendant property described in paragraph 2(a), *supra*.

29.     On or about February 8, 2019, the FBI New Orleans office executed a seizure warrant issued by the U.S. District Court for the Eastern District of Louisiana to seize $115,000 U.S. currency on deposit at Bank 3 in account number ending in 7517.  The FBI subsequently received a cashier's check from Bank 3 in the amount of $115,000 made payable to the U.S. Marshals Service.  These funds are currently held by the U.S. Marshal for the Eastern District of Louisiana and are the defendant property described in paragraph 2(b), *supra*.

## COUNT ONE – WIRE FRAUD FORFEITURE
### 18 U.S.C. § 981(a)(1)(C)

30.     The allegations set forth in paragraphs 1 through 29 are realleged are incorporated by reference as though set forth fully herein.

31.     Individual 1, Individual 2, Individual 3, and others committed acts of wire fraud and conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1343, by using various schemes and artifices to defraud victims, including online romance scams and

inheritance scams, in order to obtain U.S. currency from the victims and direct it to a bank account located in the Eastern District of Louisiana.  In furtherance of the schemes and artifices to defraud, Individual 1, Individual 2, Individual 3, and others caused signals to be transmitted by means of wire in interstate and foreign commerce, including online, app, and wireless communications, as well as bank wires, communications, and other signals.

32.    The defendant properties are subject to forfeiture to the United States pursuant to Title 18, United Stated Code, Section 981(a)(1)(C), as properties which constitute and are derived from proceeds traceable to these violations of Section 1343 and conspiracies to violate Section 1343.

**COUNT TWO – MONEY LAUNDERING FORFEITURE**
**18 U.S.C. § 981(a)(1)(A)**

33.    The allegations set forth in paragraphs 1 through 32 are realleged are incorporated by reference as though set forth fully herein.

34.    Individual 1, Individual 2, Individual 3, and others committed acts of money laundering and conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h), by conducting financial transactions involving the wire fraud proceeds, knowing that the property represented the proceeds of some form of unlawful activity, and further knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the funds, by among other things, representing to the recipient in the Eastern District of Louisiana that the funds were coming from investors.

35.    The defendant properties are subject to forfeiture to the United States pursuant to Title 18, United Stated Code, Section 981(a)(1)(A), as properties involved in these transactions

and attempted transactions in violation of Section 1956, and conspiracies to violate Section 1956, and property traceable to such property.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that process of a Warrant for Arrest *In Rem* be issued for the arrest of the defendant properties; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper.

DATED this 6th day of January, 2020.

Respectfully submitted,

PETER G. STRASSER
United States Attorney

*/s/ Michael B. Redmann*
MICHAEL B. REDMANN (LA 31929)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3065
Email: Michael.Redmann@usdoj.gov

**PLEASE ISSUE AND SERVE WARRANT OF ARREST *IN REM* ON THE FOLLOWING PURSUANT TO RULE G(3)(B)(i):**

$347,970 U.S. currency
$115,000 U.S. currency

Located at:

U.S. Marshals Service
500 Poydras Street
New Orleans, Louisiana 70130

## **VERIFICATION**

I, Krista C. Bradford, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained therein are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 6th of January, 2020.

Krista C. Bradford
Special Agent
Federal Bureau of Investigation

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | $347,970 U.S. currency and $115,000 U.S. currency |

| **(b)**   County of Residence of First Listed Plaintiff _____ *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
|---|---|
| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)* <br> Michael B. Redmann, AUSA <br> 650 Poydras Street, Suite 1600 <br> New Orleans, LA  70130 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
          Plaintiff

☐ 2   U.S. Government
          Defendant

☐ 3   Federal Question
          *(U.S. Government Not a Party)*

☐ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
          Proceeding

☐ 2   Removed from
          State Court

☐ 3   Remanded from
          Appellate Court

☐ 4   Reinstated or
          Reopened

☐ 5   Transferred from
          Another District
          *(specify)*

☐ 6   Multidistrict
          Litigation -
          Transfer

☐ 8   Multidistrict
          Litigation -
          Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. 981(a)(1)(A) and (a)(1)(C)

Brief description of cause:
COMPLAINT FOR FORFEITURE IN REM

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
      UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:     ☐ Yes    ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

| DATE <br> 01/06/2020 | SIGNATURE OF ATTORNEY OF RECORD <br> /s/ Michael B. Redmann, AUSA |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Case No.: _____ |
| | ) | |
| THREE HUNDRED FORTY-SEVEN | ) | |
| THOUSAND NINE HUNDRED SEVENTY | ) | |
| DOLLARS ($347,970) U.S. CURRENCY, and | ) | |
| | ) | |
| ONE HUNDRED FIFTEEN THOUSAND | ) | |
| DOLLARS ($115,000) U.S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**REQUEST FOR CLERK OF COURT TO
ISSUE WARRANT OF ARREST _IN REM_**

The United States of America respectfully requests that the Clerk of Court issue a Warrant

of Arrest _in Rem_ to the United States Marshals Service, along with the provided United States

Marshals Service 285 Form, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty

or Maritime Claims and Asset Forfeiture Actions.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY

_/s/ Michael B. Redmann_
MICHAEL B. REDMANN (La. 31929)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3065
Email: michael.redmann@usdoj.gov

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF United States of America | COURT CASE NUMBER |
|---|---|
| DEFENDANT $347,970 U.S. currency & $115,000 U.S. currency | TYPE OF PROCESS Warrant for Arr in REM & Complaint |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
U.S. Marshals Service

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
500 Camp St. New Orleans, La. 70130

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| Michael B. Redmann<br>Office of the U.S. Attorney<br>650 Poydras St. #1600<br>New Orleans, La. 70130 | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Please serve warrant of arrest in REM and Complaint as soon as possible

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| /s/ Michael B. Redmann, AUSA | | 504.680.3065 | 1/6/2020 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | ☐ am<br>☐ pm |
|---|---|---|---|
| | | | |

| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy |
|---|---|
| | |

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | $ 0.00 | | |

REMARKS

Form USM-285
Rev. 11/18